IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHUCK C. TOUCH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 3:17-CV-0219 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Plaintiff Chuck C. Touch filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying his request for social security disability insurance benefits. Touch and the Commissioner filed cross-motions for summary judgment (Dkts. 11, 12). After considering the pleadings, the record, and the applicable law, the court **DENIES** the Commissioner's motion, **GRANTS** Touch's motion, and remands this case to the Commissioner.[1]

## I. Background

### 1. Factual and Administrative History

Touch filed a claim for social security disability insurance benefits on February 4, 2014, alleging the onset of disability as of June 1, 2012 due to spine lumbar fusion L4-S1 and back injury/pain, and depression. Dkt. 6-4 at 24; 608 at 6. He amended his onset date to January 25,

---

[1] The district court has referred this matter to this magistrate judge for report and recommendation. Dkt. 14.

2013 after denial of his prior disability application. Dkt. 6-3 at 57-60.[2] His claim was denied on initial review and reconsideration. The administrative law judge (ALJ) held a hearing on July 8, 2016, at which Touch and a vocational expert testified. The ALJ issued an unfavorable decision on August 24, 2016. The Appeals Council denied review on November 22, 2016 and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

## 2. Standard for District Court Review of the Commissioner's Decision

Section 405(g) of the Act governs the standard of review in social security disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999).

With respect to all decisions other than conclusions of law,[3] "[i]f the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence has also been defined as "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the

---

[2] The previously adjudicated period is not before the court. *California v. Sanders*, 430 U.S. 99, 107-08 (1977).
[3] Conclusions of law are reviewed *de novo*. *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981).

Commissioner to resolve, not the courts. *Id.* The courts strive for judicial review that is "deferential without being so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

The court weighs four types of evidence in the record when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir.1991); *Hamilton-Provost v. Colvin*, 605 Fed. App'x 233, 236 (5th Cir. 2015).

### 3. Disability Determination Standards

The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing 42 U.S.C. § 423(d)(1)(A)). A finding at any point in the five-step sequence that the claimant is disabled, or is not disabled, ends the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the first step, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity." Work is "substantial" if it involves doing significant physical or mental activities, and "gainful" if it is the kind of work usually done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972; *Copeland v. Colvin*, 771 F.3d 920, 924 (5th Cir. 2014).

In the second step, the ALJ must determine whether the claimant has a severe impairment. Under applicable regulations, an impairment is severe if it "significantly limits your

physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.20(c). Under Fifth Circuit binding precedent, "[a]n impairment can be considered as not severe *only if* it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (emphasis added) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) ). "Re-stated, an impairment is severe if it is anything more than a "slight abnormality" that "would not be expected to interfere" with a claimant's ability to work. *Id.* This second step requires the claimant to make a *de minimis* showing. *See Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992)." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

If the claimant is found to have a severe impairment, the ALJ proceeds to the third step of the sequential analysis: whether the severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment meets one of the listings in Appendix 1, the claimant is disabled. If the ALJ finds that the claimant's symptoms do not meet any listed impairment, the sequential analysis continues to the fourth step.

In step four, the ALJ must decide whether the claimant can still perform his past relevant work by determining the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 Fed. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. 404.1545). The ALJ must base the RFC determination on the record as a whole and must consider all of a claimant's impairments, including those that are not severe. *Id.*; 20 C.F.R. §§ 404.1520(e) and 404.1545; s*ee also Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990).

The claimant bears the burden to prove disability at steps one through four, meaning the claimant must prove she is not currently working and is no longer capable of performing her past relevant work. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). If the claimant meets her burden, the burden shifts to the commissioner at step five to show that the "claimant is capable of engaging in some type of alternative work that exists in the national economy." *Id*. Thus, in order for the Commissioner to find in step five that the claimant is not disabled, the record must contain evidence demonstrating that other work exists in significant numbers in the national economy, and that the claimant can do that work given her RFC, age, education, and work experience. *Fraga v. Brown*, 810 F.2d 1296, 1304 (5th Cir. 1998).

**4. The ALJ's Decision**

The ALJ performed the standard 5-step sequential analysis. The ALJ found that Touch met the insured status requirements of the Social Security Act through December 31, 2015, and did not engage in substantial gainful activity after January 25, 2013, his alleged onset date. Dkt. 6-3 at 15. The ALJ found that Touch had the severe impairments of lumbar spine degenerative disc disease and affective disorders, none of which met or equaled a listing. *Id.* at 15-17.

The ALJ found that Touch had the RFC to perform light work, except that he could "lift/carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight-hour day; and stand and walk six hours. He can frequently balance, kneel, crawl, and climb ramps and stairs . . . [and] can occasionally climb ladders, ropes, and scaffolds, stoop, and crouch. He can maximally understand, remember, and carry out simple instructions and make simple decisions. [He] can have only occasional interaction with the public and coworkers." Dkt. 6-3 at 17.

Based on the testimony of a vocational expert, Thomas King, the ALJ found that Touch could not perform his past relevant work as a sedentary and skilled employment counselor, but

considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that claimant can perform, and thus he has not been under a disability from his alleged onset date through the date of the ALJ's decision. *Id.* at 21-22.

## II. Analysis

Touch argues that the ALJ committed reversible error by (1) failing to properly evaluate medical opinions; (2) failing to consult a medical expert regarding his mental RFC and not properly accounting for his mental limitations in his RFC; (3) determining an RFC that is inconsistent with his finding of "severe" mental impairments; (4) failing to consider his pain; (5) failing to consider the side effects of his medication; and (6) failing to make a determination that he could maintain employment.

### A. Consideration of Dr. Navin Subramanian's Medical Opinion

Touch argues that had the ALJ properly considered the opinion of Dr. Navin Subramanian, she would have found that Touch had the RFC to perform less than the full range of sedentary work, and consequently found that his condition met a listing or otherwise required a finding that he is disabled. Dr. Subramanian, an orthopedic surgeon, treated Touch for his back condition. Dr. Subramanian opined that Touch could only sit, stand, and walk less than 2 hours total per workday, could lift only up to 10 pounds occasionally, would be drowsy due to his medication, and would likely miss more than 4 days of work per month due to his symptoms or treatment. Dkt. 6-11 at 52-57. Notes from an August 2014 office visit indicate he continued to have back pain but treatment with hydrocodone and flexeril was "giving him symptomatic relief." Dkt. 6-11 at 58. Dr. Subramanian recommended continuation of symptomatic treatment with medication, heating pad, and home stretches, and added a topical anti-inflammatory muscle relaxant "to attempt to begin to ween him from the hydrocodone." Touch was advised to return

to the clinic in three months. Dkt. 6-11 at 59. The ALJ noted that the medical records indicate a conservative treatment plan and that relief was provided by medication. Therefore, the ALJ concluded that Dr. Subramanian's opinion is not supported by evidence and is entitled to "little weight." Dkt. 6-3 at 19.

A treating physician's opinion regarding the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. *Newton* at 455. Nonetheless, the treating physician's opinions are not conclusive. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). When good cause is shown, the ALJ is free to reject, assign less weight, little or even no weight, to the opinion of a treating physician:

> Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.

*Newton*, at 456; *see also Greenspan*, 38 F.3d at 237. In addition, the ALJ's decision must state reasons for declining to give a treating physician's opinions controlling weight. *Newton*, at 455. The ALJ considers the following factors when deciding whether good cause exists to discount the opinion of a treating physician: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician.[4] *Id*; *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017) (citing *Newton*).

---

[4] *Newton* refers to the criteria set forth in 20 C.F.R. § 404.1527(d)(2), but this regulation now appears at 20 C.F.R. § 404.1527(c)(2). *Kneeland*, 850 F.3d at 760 n.52. Touch argues that the ALJ erred in not analyzing the medical opinions under 20 C.F.R. 1520c. Dkt. 11 at 6-7. The regulations regarding the weight to afford medical opinions were amended effective March 27, 2017, *see* 20 C.F.R. § 1520c, but these amendments were not in effect at the time of the ALJ's decision in this case, which is governed by 20 C.F.R. 1527(c).

Here, there is no medical opinion from a treating or examining source that contradicts Dr. Subramanian opinion regarding Touch's back pain. The ALJ should have done an analysis of the § 1527(c) factors. She did not do so. It is not necessary to follow formalistic rules or to expressly address each factor. *See Rollins v. Astrue*, 464 F. App'x 353, 358 (5th Cir. 2012) (any error in the ALJ's failure to walk explicitly through each factor in § [404.1527(c)(2)] was harmless because procedural perfection in administrative proceedings is not required and the ALJ's opinion addresses two of the factors). However, in this case the ALJ's consideration of the factors was cursory at best.

The record shows that Dr. Subramanian is Touch's treating physician for his lumbar spine degenerative disc disease and is an orthopedic specialist. These two factors weigh in favor of giving the opinion considerable weight. As her reasons for not doing so, the ALJ stated in full:

> The claimant was found to have less than sedentary residual functional capacity. However, this is inconsistent with the medical evidence of record and supporting evidence submitted. The supporting evidence included an office visit note from September 2014[5] noting the claimant had back pain; however, his prescribed medication provided symptomatic relief (B10F/6). The claimant's treatment was conservative and the plan included weaning the claimant off hydrocodone, indicative or reduced symptoms. Therefore, the treating source's opinions are not supported by the evidence and given little weight.

Dkt. 6-3 at 19. This explanation does not address significant aspects of Dr. Subramanian's opinion, *i.e.*, that Touch's medication causes drowsiness, that his pain will cause him to be "off task" 10% of a typical work day, and that he will likely miss about 4 days per month due to his impairments or treatment. Dkt. 6-11 at 54, 57. There are several pages of medical records from Dr. Subramanian during the relevant period (January 25, 2013 through December 31, 2015) in the record for this case. Nothing in those records, or in Touch's testimony regarding his activities of daily living, or in the ALJ's opinion reveal a basis for giving little weight to Dr.

---

[5] This appears to be a typographical error, as the notes accompanying Subramanian's report are from August 21, 2014. Dkt. 6-11 at 58-59.

Subramanian's opinion. *See Newton,* 209 F.3d at 455 ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."). The court concludes that the ALJ committed legal error in giving little weight to the opinion or a the treating orthopedic surgeon, Dr. Subramanian.

### B. Remand is Required

The ALJ's error discussed above is not harmless because the vocational expert testified that under the limitations presented by Dr. Subramanian's opinion, there would be no jobs Touch could perform. Dkt. 6-3 at 1-72. Because the court concludes that this case must be remanded due to legal error, the court need not address Touch's numerous other challenges to the ALJ decision. On remand, the ALJ should reconsider and properly weigh all evidence before reaching a decision as to Touch's disability.

### III. Conclusion and Order

The court concludes that the ALJ committed legal error by not adequately explaining her reasons for giving little weight to the treating physician's opinion. The ALJ's RFC assessment is also not supported by substantial evidence. Therefore, Touch's motion is **GRANTED** and the Commissioner's motion is **DENIED** and this case is **REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Signed on September 04, 2018, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

9